**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Future Payment Technologies LP,<br><br>Plaintiff,<br><br>v.<br><br>NBS Payment Solutions Incorporated,<br><br>Defendant. | No. CV-19-05173-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on what appears to be a joint Stipulation to Stay Proceedings. (Doc. 20).

**Background**

The parties wish to stay this action pending a series of appeals of a state court action, which could take years to complete. Based on the parties' stipulation, the Court understands that there was a state court action in Maricopa Superior Court in which Plaintiff sued a different defendant, Brookfield Equinox, LLC., seeking to hold that entity liable for the actions of a subsidiary entity.

On September 13, 2019, Plaintiff commenced this action seeking a declaratory judgment that Defendant NBS is an alter ego of the defendant in the state court action. On October 16, 2019, the state court granted summary judgment in favor of defendant and dismissed the case. The parties now seek a stay of this matter while Plaintiff pursues "appeal(s)" which it cannot do until the state court has entered final judgment.

**Analysis**

As an initial matter, the Court is unsure why this case was brought in Federal Court, and not in conjunction with the state court lawsuit.[1] Notwithstanding that concern, it appears there is no active case or controversy on which this Court could issue a declaratory judgment as to whether the defendant is an alter ego of the state court defendant, without it being an advisory opinion without redressability. That is, "where the plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011); *citing Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660 (1983). Rather, an "injury in fact" must be pleaded that the Court can redress with a ruling in favor of plaintiff. *Spokeo II,* 136 S. Ct. at 1547. "Satisfaction of this requirement ensures that the lawsuit does not entail the issuance of an advisory opinion without the possibility of any judicial relief, and that the exercise of a court's remedial powers will actually redress the alleged injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 129, 103 S. Ct. 1660, 1679 (1983). The state court has granted summary judgment in favor of the state court defendant. The fact that "Plaintiff intends to appeal" a state court decision does not confer to Plaintiff standing in this Court.

Moreover, the parties state they are currently litigating attorneys' fees in state court, and "anticipate" that final judgment will be entered in early 2020. Thereafter, Plaintiff apparently intends to appeal the state court decision to the Arizona Court of Appeals and the Arizona Supreme Court, if necessary. This process could take years. The Court also notes that summary judgment was granted in the state court action on October 16, 2019, but the parties did not seek the stay in this action until November 15, 2019, the day Defendant's Answer was due. No Answer has been filed to date, and it is now almost a week late.[2]

---

[1] It is possible that Plaintiff missed a deadline to add additional parties to the state court lawsuit, which facilitated the filing of the current suit.

[2] The Court notes that Defendant sought a 30-day extension to file its Answer on October 11, 2019 and the Court approved that Stipulation. (Doc. 17).

**Conclusion**

The parties have not established, and the Court does not find good cause to indefinitely stay this matter. The parties seek to stay this case pending the outcome of the appeal/appeals. In the first instance, the parties state that the Superior Court has not even entered final judgment at this time and therefore an appeal is not ripe. While the parties speculate that final judgment will be entered in early 2020, they have no way of knowing, with certainty, that date that final judgment will be entered. Moreover, once Plaintiff does appeal, first to the Arizona Court of Appeals, and then conceivably to the Arizona Supreme Court, it is possible that it would take *years* before the parties are ready to litigate this case. This case was filed a little over two months ago, and for whatever reason, Plaintiff chose to file it in this way rather than suing Defendant in the state court action. (Doc. 1). The stay contemplated by the parties does not consider the consumption of sparse judicial resources of this District. Accordingly, the Court will not allow cases to linger on its docket in the manner in which the parties propose.

The Court will allow Plaintiff to brief the issue of standing, and why this Court should not dismiss this case for lack of standing. Moreover, Plaintiff shall brief the applicability of any of the abstention doctrines to this case. As noted above, as an Answer has not been filed and the deadline has passed, Defendant is currently out of compliance with Federal and Local Rules. Defendant shall Answer the Complaint by November 22, 2019, but shall also file a Motion for extension of time, explaining the reasons for the failure to file by the deadline. Alternatively, Plaintiff is free to voluntarily dismiss this action until such time that it is ready to litigate the claims herein.

Accordingly,

**IT IS HEREBY ORDERED** that the Stipulation to Stay Proceedings (Doc. 20) is **denied with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a brief of no more than seven (7) pages as to why this case should not be dismissed and shall address the following issues: (1) jurisdiction; (2) standing; (3) how the relief they seek would not amount to an

advisory opinion; and (4) relevant abstention doctrine. Plaintiff shall file the brief by **November 29, 2019**.

**IT IS FURTHER ORDERED** that Defendant shall Answer the Complaint by **November 22, 2019**, and file the appropriate Motion for submitting late filings to the Court in accordance with the Local Rules of this District.

**IT IS FURTHER ORDERED** affirming the Rule 16 Scheduling Conference scheduled for **January 10, 2020**, and all the case management planning deadlines set therein. (Doc. 18).

**IT IS FINALLY ORDERED** that in the alternative to all of the above, Plaintiff is free to voluntarily dismiss this action.

Dated this 20th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge